UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richie Pinkley,                                                          Civil No. 06-4157 (PAM/JJG)

          Plaintiff,

v.                                                                        **MEMORANDUM AND ORDER**

Marty C. Anderson, Warden,

          Defendant.

---

This matter is before the Court on Plaintiff Richie Pinkley's ("Pinkley") Objections to the Report and Recommendation ("R&R") filed on August 3, 2007. The Court has conducted a de novo review of the Objections and record. See 28 U.S.C. §636(b)(1); D. Minn. L.R. 72.2(b). For the reasons that follow, the Court withdraws its previous Order granting summary judgment in favor of Defendant Marty C. Anderson ("Anderson") and now denies the cross-Motions for Summary Judgment filed by Pinkley and Anderson. The Court further construes Pinkley's request for injunctive relief as a Motion and denies that Motion without prejudice.

**BACKGROUND**

Pinkley is currently incarcerated, with a projected release of May 11, 2011. (Buege Decl. ¶ 3.) He was convicted and sentenced in the United States District Court for the Western District of Tennessee. (Id.) In 2004, the Bureau of Prisons ("BOP") transferred Pinkley to the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") because of his medical condition. Defendant Anderson is the warden of FMC-Rochester.

1

It is undisputed that Pinkley suffers from severe pulmonary hypertension and is in need of a heart-lung transplant. As early as July 12, 2005, Plaintiff's physician opined that Pinkley required transplantation because the disease was "advanced, progressive, and will be fatal over a relatively short term." (Nov. 9, 2006, Pinkley Aff. Ex. A.) In 2006, another physician examined Pinkley and agreed that without a transplant "it is clear that he has a predictable shortened life expectancy." (Feb. 15, 2007, Pinkley Aff. Ex. A.)

Pinkley requested that the BOP secure a transplant for him. On August 16, 2005, Anderson approved Pinkley's request and commenced administrative procedures to investigate whether the BOP could effect a transplant. (Nov. 9, 2006, Pinkley Aff. Ex. B.) On January 12, 2006, the BOP's Transplant Advisory Group recommended forwarding Pinkley's medical packet to medical centers that perform transplants. (Nelson Decl. ¶ 8.) According to Dr. Michael B. Nelson, the BOP's North Central Regional Office's Medical director, the BOP contacted four medical facilities and all declined Pinkley's case. (Id. ¶¶ 8-9.) Specifically, the Mayo Clinic and the University of Minnesota declined because they do not offer transplants to inmates; the University of Massachusetts does not have a heart-lung transplant program; and the University of Kentucky performs inmate transplantations, but declined to do so in Pinkley's case. (Id.) According to Pinkley, on August 15, 2006, the BOP told him that its efforts to find a facility to perform the transplant were unsuccessful. (Nov. 9, 2006, Pinkley Aff. ¶ 11.)

On November 15, 2006, Pinkley commenced this 42 U.S.C. § 1983 action pro se alleging that delays and/or the BOP's inability to provide him with a heart-lung transplant

constituted "deliberate indifference" of his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.[1] (See Compl. and Mem. in Supp. of Compl.) Pinkley seeks relief in the form of a transplant provided by the BOP, or alternatively, a transfer to a Residential Reentry Center ("RRC")[2] in Tennessee where he can try to arrange a transplant on his own. (Pl.'s Mem. in Supp. of Compl. at 6.)

On February 2, 2007, Anderson moved for summary judgment. Anderson contends that because Pinkley is not in "imminent" need of a transplant, there is no Eighth Amendment violation. (Def.'s Supp. Mem. at 10.) Anderson opposed Pinkley's second form of relief because there are no BOP facilities in Tennessee that are within the necessary two- to three-hour drive from a transplant facility. Finally, Anderson maintains that the BOP is continuing to seek a transplant for Pinkley. (Nelson Decl. ¶ 13.)

Pinkley opposes summary judgment because there are factual questions regarding whether he is receiving "medically acceptable and effective treatment" and whether his transplant need is "imminent." (Pl.'s Opp'n Mem. at 1, 3.) Pinkley also contends that because the BOP has admitted that he needs a transplant, the BOP's failure to provide him with one constitutes "deliberate indifference" of his rights against cruel and unusual punishment. (Pl.'s Mem. in Supp. at 3-5.)

---

[1] On June 16, 2006, Pinkley filed a Petition for Writ of Habeas Corpus, which the Court characterized as a request to modify Pinkley's sentence. Accordingly, the Court transferred that action, Pinkley v. Anderson, No. 06-CV-2461 (PAM/JJG), to the sentencing court in the Western District of Tennessee.

[2] An RRC is essentially a halfway house.

The R&R filed on August 3, 2007, recommended that the Court deny Pinkley's Motion for Summary Judgment and grant Anderson's Motion for Summary Judgment. The Magistrate Judge concluded that there was no Eighth Amendment violation as a matter of law because Pinkley had not established that his transfer to a halfway house would materially advance his search for a transplant. (R&R at 5, 7.) On September 17, 2007, having received no objections to the R&R, the Court denied Pinkley's Motion for Summary Judgment and granted Anderson's Motion for Summary Judgment.

Pinkley filed Objections on September 27, 2007. Pinkley asked the Court to excuse the untimely filing, stating that he had not received the R&R until September 18, 2007. In his Objections, Pinkley asserted that the Magistrate Judge erred by relying primarily on Dr. Nelson's medical conclusions. Pinkley argued further that the failure to transfer him to a halfway house constituted "intentionally denying or delaying access to medical care" in violation of the United States Supreme Court's June 4, 2007, decision in Erickson v. Pardus, 127 S. Ct. 2197 (2007). In an October 2, 2007, Amendment to his Objections, Pinkley argued that by limiting its inquiries to hospitals close to Federal Medical Centers and by failing to transfer him to Tennessee, the BOP "is effectively enhancing my 156 month sentence to a death sentence." (Am. to Obj. at 1-2.)

By letter dated October 3, 2007, the Court informed Anderson that it would reconsider its previous Order granting Anderson's Motion for Summary Judgment and would consider the merits of Pinkley's Objections. Anderson responded that Pinkley's health "has stabilized" because of the care he has received in Rochester. Anderson also asserted that the

BOP maintains no medically-equipped facilities within three hours of Vanderbilt University, the only transplant center in the state of Tennessee, rendering Pinkley's requested transfer impossible. (Resp. to Obj. at 1.)

**DISCUSSION**

**A.   Summary Judgment**

   **1.   Standard of Review**

Summary judgment is proper when the evidence viewed in a light most favorable to the nonmoving party demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, only disputes of facts that might affect the outcome of the suit under the governing substantive law will preclude summary judgment. Id. The moving party bears the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to all inferences that may be reasonably drawn from the underlying facts in the record. Meriwether v. Caraustar Packaging Co., 326 F.3d 990, 992-93 (8th Cir. 2003). The nonmoving party may not merely rest upon allegations or denials in its pleadings—it must set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256.

   **2.   Cross-Motions for Summary Judgment**

In response to Anderson's Motion for Summary Judgment, Pinkley also moved for summary judgment. The Court will address these Motions simultaneously.

It is Pinkley's initial burden, on a Motion for Summary Judgment, to "point to evidence, admissible at trial, that would allow a reasonable jury to conclude that he had a particular medical need, and the defendants knew of this need." See Miller v. Schoenen, 75 F.3d 1305, 1309-10 (8th Cir. 1996). Because there is no material dispute over whether Anderson and the BOP knew of Pinkley's particular need for a transplant, Pinkley has met this burden. Thus, the burden shifts to Anderson to establish that he "acted without deliberate indifference in light of [his] knowledge of [the plaintiff's] condition." Id. at 1310.

The Eighth Amendment forbids showing "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Claims arising from Bureau of Prisons' decisions involving an inmate's need for a transplant implicate the Eighth Amendment, and BOP transplant policies "if applied inflexibly, may raise constitutional questions." Clark v. Hedrick, 233 F.3d 1093, 1093 (8th Cir. 2000).

To establish deliberate indifference, Pinkley must show that the BOP disregarded his serious medical need–specifically, that the BOP "acted [un]reasonably in light of [their] knowledge [of the inmate's serious medical condition]." Miller, 75 F.3d at 1309. Anderson's general position is that the BOP has done all it can to try to effect Pinkley's transplant, and that FMC-Rochester is the proper place for Pinkley to be at the moment. Pinkley's response is that the BOP has not done enough, his need of a transplant is imminent, and that he should be placed in a half-way house close to Vanderbilt University.

The Court appreciates that the BOP cannot require any facility to perform a transplant. However, Pinkley has succeeded in raising a genuine issue of material fact as to whether the

BOP's efforts have been and continue to be reasonable in light of his serious medical condition. Specifically, the fact that Pinkley remains incarcerated despite his dire health situation, especially in light of the United State's Attorney's lack of objection to Pinkley's release, and the absence of any specific information in the record as to the BOP's ongoing efforts, if any, to secure a transplant lead the Court to conclude that there is a genuine question as to whether the BOP has acted reasonably as a matter of law.

It may be that the BOP's efforts have been and continue to be reasonable under the Eighth Amendment. However, because all parties agree that Pinkley must be housed close to a transplant center, and because the only two transplant centers close to FMC-Rochester, the University of Minnesota and the Mayo Clinic, have categorically refused to perform any transplants for inmates, Pinkley's continued incarceration at FMC-Rochester cannot be characterized as reasonable as a matter of law. Reasonableness is a question of fact, and summary disposition is improper when reasonableness is "not clear one way or the other on th[e] record." Miller, 75 F.3d at 1311 (affirming denial of summary judgment where defendant had asserted immunity defense); see also Erickson, 127 S. Ct. at 2198, 2200 (vacating decision where court of appeals dismissed pro se inmate's Eighth Amendment allegations regarding denied hepatitis C treatment as merely "conclusory"). Accordingly, summary judgment is inappropriate and both Anderson's and Pinkley's Motions are denied.

**B.     Injunctive Relief**

As stated above, the Court has construed Pinkley's request for injunctive relief as a Motion for an injunction. Pinkley cites authority indicating that the Court has authority to

provide injunctive relief in a § 1983 case alleging an Eighth Amendment violation, but does not specify why injunctive relief would be warranted in his case. (Pl.'s Supp. Mem. at 2 (citing Taylor v. Crawford, 457 F.3d 902, 904 (8th Cir. 2006)); see also Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1230-32 (10th Cir. 2005) (noting that prisoner could seek injunction requesting court to invoke equity jurisdiction to enforce Eighth Amendment). Anderson does not deny that injunctive relief might be appropriate to redress an Eighth Amendment violation, but argues that with no constitutional violation there is no need for an Order directing that unconstitutional practices be discontinued. (Def.'s Supp. Mem. at 10-11.)

Because fact questions abound as to whether the BOP's efforts to secure Pinkley a transplant, if any, are ongoing, and as to whether Pinkley's continued incarceration at FMC-Rochester is proper given that neither the Mayo Clinic nor the University of Minnesota will provide a transplant, Pinkley's claim for injunctive relief is not appropriate at this stage.

However, the Court will retain jurisdiction over this matter and deny Pinkley's Motion for Injunctive Relief without prejudice. In a case such as this, where the question whether the BOP is acting reasonably is a matter of dispute, not to mention of life and death, the Court must be vigilant in ensuring that the BOP is not inflexibly applying its transplant administrative procedures. As previously noted, any inflexible application of BOP transplant administrative procedures risks violating the Eighth Amendment. See Clark, 233 F.3d at 1093; Barron v. Keohane, 216 F.3d 692, 693 (8th Cir. 2000) (affirming district court's refusal to order that the habeas corpus petitioner be placed on a kidney transplant list or in the alternative be released from custody to obtain a transplant, but "express[ing] our concern"

regarding constitutionality of BOP policy that might require inmate to demonstrate financial means to pay for transplant).

In retaining jurisdiction and denying Pinkley's Motion for Injunctive Relief without prejudice, the Court directs Anderson to file a Memorandum within 14 days of this Order detailing the BOP's ongoing efforts related to Pinkley's need for a transplant.

**CONCLUSION**

Neither Pinkley nor Anderson has established that summary judgment is proper on Pinkley's Eighth Amendment claim. Nor has Pinkley established that injunctive relief is warranted at this stage. However, the Court will retain jurisdiction to consider further submissions regarding continuing efforts related to Pinkley's situation.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court's Order of September 17, 2007 (Docket No. 44), granting summary judgment in favor of Anderson is **WITHDRAWN**;

2. Anderson's Motion for Summary Judgment (Docket No. 19) is **DENIED**;

3. Pinkley's Motions for Summary Judgment and for Injunctive Relief (Docket No. 26) are **DENIED without prejudice**; and

4. Anderson shall file a Memorandum within 14 days of this Order detailing the BOP's ongoing efforts related to Pinkley's need for a transplant.

Dated: <u>October 23, 2007</u>

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
